UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DARRYL C. DANIELS,

    Plaintiff,

v.                                        Case No.  5:22-cv-24-TKW/MJF

CHANDA TAYLOR, *et al.*,

    Defendants.
_____/

## AMENDED REPORT AND RECOMMENDATION

This prisoner civil rights case, filed under 42 U.S.C. § 1983, is before the court on referral from the clerk of the court.[1] On February 1, 2022, the undersigned ordered Plaintiff to (1) file an amended complaint on the court approved form and (2) pay the filing fee or move for leave to proceed *in forma pauperis*. Doc. 3. The undersigned provided Plaintiff until March 4, 2022, to comply. The undersigned also warned Plaintiff that the failure to comply with the order likely would result in dismissal of this case. *Id.*

On April 10, 2020—three days after Plaintiff's deadline to show cause why this case should not be dismissed for Plaintiff's failure to comply with a court order

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

and failure to prosecute expired—Plaintiff filed his first amended complaint. Plaintiff elected to handwrite his complaint, even though the clerk of the court previously had sent to Plaintiff the court-approved complaint form. Plaintiff's failure to use the court-approved form violates the Local Rules of the United States District Court for the Northern District of Florida and the undersigned's order that Plaintiff use only the court-approved form. Further, as of the date of this report and recommendation, Plaintiff has not paid the filing fee or moved for leave to proceed *in forma pauperis*. Doc. 4. Plaintiff also has failed to show good cause for his violation of the undersigned's order and the Local Rules.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS without prejudice** this action for Plaintiff's failure to comply with court orders, failure to prosecute, and failure to pay the filing fee.[2]

2. Direct the clerk of the court to close the case.

At Pensacola, Florida this 29th day of April, 2022.

---

[2] Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); *Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002) (noting that courts may dismiss a prisoner's case for failing to pay the initial partial filing fee after issuing an order to show cause); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**